UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEDICINE STORE PHARMACY, INC. d/b/a RXPRESS PHARMACY,<br><br>Plaintiff,<br><br>v.<br><br>AFGIN PHARMA LLC,<br><br>Defendant. | CASE NO. 3:14-cv-2255<br><br>JURY TRIAL DEMANDED |

**DEFENDANT AFGIN PHARMA LLC'S ANSWER TO MEDICINE STORE PHARMACY, INC. d/b/a RXPRESS PHARMACY'S COMPLAINT FOR DECLARATORY JUDGMENT ON NON-INFRINGEMENT AND INVALIDITY**

Defendant AfGin Pharma LLC ("AfGin Pharma") provides the following Answer to the Complaint for Declaratory Judgment on Non-Infringement and Invalidity (the "Complaint") filed by Plaintiff Medicine Store Pharmacy, Inc. d/b/a RXpress ("RXpress"), and responds to the numbered paragraphs in the Complaint, as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint is expository and does not allege factual allegations against AfGin Pharma; therefore, AfGin Pharma denies the same.

2. AfGin Pharma has insufficient information to admit or deny the allegations in paragraph 2 of the Complaint; therefore, AfGin Pharma denies the same.

3. Admitted.

4. Admitted.

5. Denied.

6. Denied.

1

**FACTUAL ALLEGATIONS**

7. AfGin Pharma has insufficient information to admit or deny the allegations in Paragraph 7; therefore, AfGin Pharma denies the same.

8. Admitted.

9. Admitted.

10. AfGin Pharma admits the allegations in the first sentence of paragraph 10 of the Complaint. AfGin denies the remaining allegations in paragraph 10 of the Complaint.

11. Admitted.

12. AfGin Pharma admits that it sent to RXpress the letter attached as Exhibit B to the Complaint and that Exhibit B speaks for itself. AfGin Pharma further alleges that RXpress has not quoted Exhibit B accurately and in proper context, and therefore, AfGin Pharma denies the remaining allegations in paragraph 12 of the Complaint.

13. AfGin Pharma alleges that Exhibit B speaks for itself, including the referenced email, and that RXpress's allegations in paragraph 13 do not quote from the email in full context. Therefore, AfGin Pharma denies the remaining allegations in paragraph 13 of the Complaint.

14. AfGin Pharma alleges that Exhibit B speaks for itself and that RXpress's allegations in paragraph 14 do not quote from the letter in full context, which creates a misleading impression for the purposes of the declaratory relief sought in the Complaint. Therefore, AfGin Pharma denies the remaining allegations in paragraph 14 of the Complaint.

15. Denied.

16. Denied.

17. Denied.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF THE '734 PATENT

18. AfGin Pharma incorporates Paragraphs 1-17 above as if fully repeated and restated here in full.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II – DECLARATION OF INVALIDITY OF THE '734 PATENT

23. AfGin Pharma incorporates Paragraphs 1-22 above as if fully repeated and restated here in full.

24. Admitted.

25. Denied

26. Denied.

27. Denied.

## PRAYER FOR RELIEF

**WHEREFORE**, AfGin Pharma respectfully denies that RXpress is entitled to any of the relief that it seeks in paragraphs A-E under the caption "Prayer for Relief" in the Complaint.

Dated: October 6, 2014

Respectfully submitted,

By: *s/ Mark L. Mathie*
Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Mark L. Mathie
Texas State Bar No. 1319550
mmathie@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR DEFENDANT AFGIN PHARMA LLC**

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 6th day of October, 2014.  Any other counsel of record will be served via first-class mail.

*s/ Mark L. Mathie*
Mark L. Mathie